PEOPLE v BLAUVELT

Docket No. 77-4908. Submitted March 8, 1979, at Detroit.—Decided July 23, 1979.

Michael G. Blauvelt was convicted in the 35th District Court of unlawful display of an emblem or insignia on a motor vehicle. The defendant appealed to circuit court. Wayne Circuit Court, Joseph Sullivan, J., reversed the conviction, finding the statute under which the defendant was prosecuted to be overbroad on its face. The people appeal by leave granted. *Held:*

The statute under which the defendant was convicted, one which makes it unlawful for any person to display on his or her motor vehicle any emblem or insignia of any organization, association, fraternity, lodge, club or order unless the owner of the motor vehicle be a member of such an organization, the insignia of which is so displayed, attempts to prohibit "pure speech". The statute as written sweeps too broadly and is invalid on its face. The statute does not attempt to differentiate between legitimate and nonlegitimate use of an organization's emblem or insignia.

Affirmed.

1. Constitutional Law — Freedom of Speech — Statutes — Overbreadth Challenge — Chilling Effect.

An overbreadth challenge to a statute on the basis that the statute infringes on the freedom of speech may properly be accepted when the state attempts to prohibit protected "speech" and not merely conduct associated with speech; and, because of the possible chilling effect that the statute may have on others, even one whose speech might constitutionally be regulated under a different, more narrowly drawn statute is allowed to raise a constitutional challenge by presenting claims of others not actually before the court.

References for Points in Headnote

16 Am Jur 2d, Constitutional Law § 346.

73 Am Jur 2d, Statutes § 346.

The Supreme Court and the right of free speech and press. 16 L Ed 2d 1053. Supreme Court's views as to overbreadth of legislation in connection with First Amendment rights. 45 L Ed 2d 725.

2. Constitutional Law — Freedom of Speech — Pure Speech —
   Regulation of Pure Speech — Compelling State Interest.

   The state, in attempting to control the content of "pure speech",
   is required to demonstrate a compelling state interest in regu-
   lating the content of the "speech" before such regulations must
   be upheld.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

*Carl R. Meyer,* for defendant on appeal.

Before: N. J. Kaufman, P.J., and T. M. Burns and R. M. Maher, JJ.

T. M. Burns, J. Defendant was convicted in the 35th District Court of a violation of MCL 430.53; MSA 18.663, unlawful display of an emblem or insignia on a motor vehicle.[1] Criminal penalties were imposed. On appeal, the circuit court reversed the conviction, finding the statute to be unconstitutionally overbroad on its face. The people appeal by leave granted and we affirm.

The statute, § 3 of 1929 PA 269, provides:

"It shall be unlawful for any person to display or permit to be displayed on his or her motor vehicle any emblem or insignia of any organization, association, fraternity, lodge, club or order, unless the owner of such motor vehicle be a member of the organization, association, fraternity, lodge, club or order, the emblem or insignia of which is so displayed: Provided, That the

---

[1] Defendant was stopped for defective equipment by a police officer. When the officer noted that defendant had a POAM (Police Officers Association of Michigan) sticker on the windshield of the car he was driving he asked defendant if he or any member of his family was a policeman. When defendant stated he had no connection with the police, a citation was issued.

provisions of this act shall not apply to the owner or owners of any motor vehicles upon which such emblem or insignia is displayed solely for the purposes of participation in any public parade, or at any public fair, exhibit, or carnival." MCL 430.53; MSA 18.663.

Under established first amendment analysis, an overbreadth challenge to a statute may properly be accepted when the state attempts to prohibit protected "speech" and not merely conduct associated with speech.[2] Because of the possible chilling effect that the statute may have on others, even one whose speech might constitutionally be regulated under a different, more narrowly drawn statute is allowed to raise a constitutional challenge by presenting claims of others not actually before the court. *Broadrick v Oklahoma,* 413 US 601, 611-616; 93 S Ct 2908; 37 L Ed 2d 830 (1973). Even recognizing that these rules are exceptions to normal rules of standing and adjudication, we conclude that it was proper for the circuit court to accept this overbreadth challenge to the statute.

In this case we are dealing with a type of "pure speech". The state is attempting to control the content of certain displays on automobiles by imposing criminal penalties.[3] In such cases the people are required to demonstrate a compelling state interest in regulating the content of the "speech" before such regulations must be upheld. *Advisory Opinion on Constitutionality of 1975 PA 227*

---

[2] For an overview of the overbreadth doctrine, see, Anno: *Supreme Court's views as to overbreadth of legislation in connection with first amendment rights,* 45 L Ed 2d 725.

[3] *Cf. Wooley v Maynard,* 430 US 705; 97 S Ct 1428; 51 L Ed 2d 752 (1977), where the Supreme Court held that the State of New Hampshire could not constitutionally require the Maynards to display the state motto, "Live Free or Die", on their automobile license plate. The case is relevant to show the reach of the amendment's protection even though in this case we are dealing with a prohibition and not a compulsion.

*(Questions 2-10)*, 396 Mich 465, 481; 242 NW2d 3 (1976).

The people contend that the statute is a valid attempt to punish individuals who attempt to fraudulently obtain the benefits of membership in an association or organization without actually being a member.[4] The people use as an example the possibility that an emblem might entitle the member to free parking or other use of an organization's assets and that the fraudulent use of the emblem by a nonmember would lead to the demise of these organizations.

Assuming that prevention of petty frauds is indeed the statute's intent, its sweep is clearly overbroad. The statute does not limit its application to attempts to defraud or gain improper advantage from use of an organization's emblem or insignia. Its ban is absolute without reference to intent or purpose. Every display on a vehicle owned by a nonmember subjects the owner to fine and imprisonment.

If the statute is applied as written, an individual nonmember displaying the emblem of the Boy Scouts, the Knights of Columbus or the Masonic Lodge subjects himself to criminal prosecution. This is so regardless of the absence of any intent to defraud or even if done in connection with other words to express an opinion. We have no doubt that the statute as written sweeps with too broad a broom and it is invalid on its face.

The trial court correctly concluded that the statute is invalid on its face. It does not even attempt to differentiate between legitimate and

---

[4] The title to 1929 PA 269 provides: "An Act to protect benevolent, humane, fraternal or charitable corporations in the use of their names and emblems; to provide penalties for the violation thereof; and to repeal act number two hundred fifty-five [255] of the public acts of nineteen hundred nine [1909]."

nonlegitimate use of an organization's emblem or insignia. The sole test of a valid use is membership in the organization. This is improper.

Affirmed.