PEOPLE v WILLIAMS

Docket No. 240751. Submitted March 5, 2003, at Grand Rapids. Decided
    May 22, 2003, at 9:00 A.M.

Jeffrey A. Williams was charged with indecent exposure, MCL
    750.335a, after he entered the bathroom of his eight-year-old niece,
    and drew a nude picture of the girl while she bathed. The defen-
    dant moved to dismiss the charge of indecent exposure, arguing
    that the exposure of his niece was not "open" because it occurred
    in a home rather than a public place, and that the statute was
    unconstitutional. The district court denied the motion, concluding
    that the crime of indecent exposure need not be open to public
    view and that the defendant's act of causing the girl to expose her-
    self to him long enough for him to draw her fell within the statute.
    The defendant appealed to the Ottawa Circuit Court, Calvin L. Bos-
    man, J., which court affirmed the district court, concluding that
    indecent exposure can occur in a private place under circum-
    stances in which another person might reasonably be expected to
    observe it, and the person might reasonably be expected to be
    offended by it. The defendant appealed by leave granted.

    The Court of Appeals held:

    1. MCL 750.335a provides, in part, that any person who shall
    knowingly make any open or indecent exposure of his person or of
    the person of another shall be guilty of a misdemeanor. Consistent
    with case law, the test for open exposure is whether anyone might
    reasonably be expected to observe it and, if so, whether the person
    might reasonably be expected to have been offended by what was
    seen. Because the underlying concern of the statute is whether the
    viewer might be offended, where, as here, only the person being
    viewed was offended, a charge of open exposure cannot stand.

    2. The defendant's conduct did not constitute indecent exposure
    under the statute. Although an exposure need not be witnessed by
    another person to be punishable, it must, but in this case did not,
    occur in a public place under circumstances in which another per-
    son might reasonably be expected to observe it.

    Reversed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Ronald J. Frantz*, Prosecuting Attorney, and *Gregory J. Babbitt*, Assistant Prosecuting Attorney, for the people.

*Floyd H. Farmer, Jr.* for the defendant.

Before: WHITBECK, C.J., and CAVANAGH and BANDSTRA, JJ.

PER CURIAM. Defendant Jeffrey A. Williams appeals by leave granted the circuit court's order affirming the district court's denial of his motion to dismiss the charge of indecent exposure.[1] We reverse.

### I. BASIC FACTS AND PROCEDURAL HISTORY

According to the parties' stipulated statement of facts relating to the motion to dismiss, in January 2001, Williams' eight-year-old niece was taking a bath in a private residence in Holland. While she was bathing, Williams entered the bathroom. The niece asked Williams to leave, but he refused. Williams then drew a picture of her, including a depiction of her vagina and breasts.[2]

Williams originally pleaded guilty of accosting a child for immoral purposes,[3] but the district court refused to accept the plea. The prosecutor then filed

---

[1] MCL 750.335a.

[2] In his appellate brief, Williams indicates that this incident actually occurred in the fall of 2000, and that his niece mistakenly reported that he had drawn her nude in the bathtub on two separate occasions. Williams denies that the second bathtub incident occurred, but suggests that his niece may have confused it with an occasion on which he asked her to lie naked on a couch so that he could draw her. For purposes of this appeal, we will consider only the stipulated facts as previously described.

[3] MCL 750.145a.

an amended complaint charging defendant with indecent exposure. The indecent exposure statute[4] provides that "[a]ny person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor . . . ." Williams' counsel stipulated the addition of the new charge, after which the original charge was dismissed.

Williams then moved to dismiss the indecent-exposure charge, arguing that the exposure of his niece was not "open" because it occurred in their home rather than a public place. He also argued that the statute is unconstitutionally vague and overbroad as applied. The district court held that the crime of indecent exposure need not be open to public view and that Williams' act of causing the girl to expose herself to him long enough for him to draw her "anatomically correct features" fell within the statute. The district court also concluded that the statute was not unconstitutionally vague as applied, citing *People v Vronko*.[5]

Williams appealed this decision to the circuit court, arguing that all the cases interpreting MCL 750.335a indicated that there must be an *open* exposure, and noting that in no case has a person been found guilty of indecent exposure in his or her own home. However, the circuit court affirmed the district court. The circuit court noted that

[p]ursuant to *Vronko*, the exposure need not necessarily have taken place in what is commonly thought of as a public place. The exposure may occur in a private place, such as the bathroom of a private residence, so long as it occurs

---

[4] MCL 750.335a.
[5] *People v Vronko*, 228 Mich App 649; 579 NW2d 138 (1998).

under circumstances in which another person might reasonably have been expected to observe it.

Citing Justice BOYLE's concurrence in *In re Certified Question (Jewell Theatre Corp v Oakland Co Prosecutor)*,[6] the circuit court held that indecent exposure can occur in a private place as long as (1) it occurs under circumstances in which another person might reasonably be expected to observe it, and (2) the person might reasonably be expected to be offended by it.

The circuit court then concluded that the other person witnessing the exposure could be Williams, reasoning that "there is simply no requirement in the language of MCL 750.335a that when a person knowingly makes an open or indecent exposure of the person of another, that exposure must be witnessed by someone other than the person causing the exposure." The circuit court continued:

> [W]hen someone causes an open or indecent exposure of the person of another, it is more than just "reasonably likely" that someone will observe it: it is a *fait accompli*, because the person causing the exposure himself observes what he has exposed, and the person who is offended is not some innocent bystander, but the very person whose private anatomy has been exposed to the eyes of the person causing the exposure.

The circuit court concluded that "[b]y refusing to leave the bathroom where [the niece] was bathing when she requested that he do so, defendant knowingly and intentionally made an open or indecent exposure of the person of another, i.e., the person of

---

[6] *In re Certified Question (Jewell Theatre Corp v Oakland Co Prosecutor)*, 420 Mich 51, 63; 359 NW2d 513 (1984).

[his niece], to another person, i.e., to the defendant himself." With regard to defendant's argument that the indecent-exposure statute is void for vagueness, the circuit court agreed with the district court that the statute is not vague as applied to the conduct charged. Williams applied for leave to appeal to this Court, which we granted.

## II. THE INDECENT-EXPOSURE STATUTE

### A. STANDARD OF REVIEW

This Court reviews de novo the interpretation and the application of statutes.[7]

### B. ANALYSIS

#### 1. OPEN EXPOSURE

MCL 750.335a provides, in relevant part: "Any person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor . . . ." Williams argues that MCL 750.335a is inapplicable because his conduct was not "open" as defined by the courts of this state. On the basis of the stipulated facts, it is clear that the only person to whom the niece was exposed was Williams himself, and that she was not openly exposed to the public. Whether an "open exposure" is effected if only the defendant witnesses the exposure is a question of first impression, requiring us to interpret the language of MCL 750.335a.

---

[7] *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

In construing a statute, our purpose is to discern and give effect to the Legislature's intent.[8] The first step in this process is to review the language of the statute itself.[9] If the language is unambiguous, we presume that the Legislature intended the meaning it clearly expressed, and judicial construction is neither required nor permitted.[10] If judicial construction is necessary, we must "discern the Legislature's intent by examining 'the object of the statute, the harm which it is designed to remedy, and apply a reasonable construction which best accomplishes the statute's purpose.'"[11] While words should generally be given their "common, generally accepted meaning" when construing a statute with undefined terms, this should be done in a manner "consistent with the legislative aim in enacting the statute."[12]

Neither the term "open" nor the word "exposure" is defined in the statute. However, this Court had the opportunity to define the phrase "open exposure" in *Vronko* when determining whether an exposure must be witnessed by another person to constitute a violation of MCL 750.335a. As this Court noted in *Vronko*, nothing in the language of the statute explicitly required the existence of a witness. Accordingly, if this element existed, "it must be contained within the

---

[8] *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999), citing *Murphy v Michigan Bell Tel Co*, 447 Mich 93, 98; 523 NW2d 310 (1994).

[9] *People v Vasquez*, 465 Mich 83, 87; 631 NW2d 711 (2001), citing *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999).

[10] *People v Herron*, 464 Mich 593, 611; 628 NW2d 528 (2001).

[11] *People v Lino*, 447 Mich 567, 618-619; 527 NW2d 434 (1994) (RILEY, J.), quoting *In re Forfeiture of $5,264*, 432 Mich 242, 248; 439 NW2d 246 (1989).

[12] *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251, lv pending, ___ Mich ___ (2002), citing *People v Morris*, 450 Mich 316, 326, 537 NW2d 842 (1995), and *People v Denio*, 454 Mich 691, 699; 564 NW2d 13 (1997).

words 'open or indecent exposure.' "[13] Looking to the common-law definition for guidance, this Court concluded that an indecent exposure need not be observed to constitute a punishable offense, provided the exposure occurred in a public place.[14]

In support of this interpretation, the *Vronko* panel observed that Justice BOYLE, concurring in *In re Certified Question*, "defined 'open exposure' under the indecent exposure statute as being 'any conduct consisting of a display of any part of the human anatomy under circumstances which create a substantial risk that someone might be offended.' "[15] According to Justice BOYLE,

> "[t]his standard would require evaluation of the setting in which the exposure took place in order to determine whether anyone might reasonably have been expected to observe it and, if so, whether the person might reasonably have been expected to have been offended by what was seen."[16]

This Court noted that although Justice BOYLE's definition was not binding on the Court, it was consistent with the common-law interpretation of the offense.[17] This Court further stated that nothing in the language of the statute suggested that the Legislature intended to modify the common-law interpretation.[18] For these reasons, this Court held that there was no requirement that the defendant's exposure actually be witnessed by another person in order to constitute "open

[13] *Vronko, supra* at 655.

[14] *Id.* at 655-656.

[15] *Id.* at 656, quoting *In re Certified Question, supra* at 63.

[16] *Id.* at 656-657, quoting *In re Certified Question, supra* at 63.

[17] *Id.* at 657.

[18] *Id.*

or indecent exposure," "as long as the exposure occurred in a public place under circumstances in which another person might reasonably have been expected to observe it."[19]

Of course, this case differs from *Vronko* in the sense that another person did, in fact, witness the exposure. Nonetheless, we believe the reasoning in that case is instructive with respect to the scope and application of the phrase "open exposure," and provides some insight into the legislative purpose behind the statute itself. In *Vronko*, this Court cited approvingly, as consistent with the common-law interpretation of the offense, Justice BOYLE's test for "open exposure" as " 'whether anyone might reasonably have been expected to observe it and, if so, whether the person might reasonably have been expected to have been offended by what was seen.' "[20]

Implicit in this formulation, from a purely grammatical standpoint, is the notion that the underlying concern of the statute is whether the *viewer* might have been offended upon viewing the exposure. We can find no justification, either in the language of the statute or the cases interpreting it, that the test for whether a punishable open exposure occurred is whether the *person being viewed* might have been offended by his own exposure. In our view, the definition of "open exposure" suggested by Justice BOYLE and adopted in *Vronko* supports the conclusion that the Legislature's aim was to punish exposures that would be offensive to *viewers*, actual or potential, and not to the person exposed. Although the over-

[19] *Id.*

[20] *Id.* at 656-657, quoting *In re Certified Question, supra* at 63.

whelming majority of persons in our society would be deeply offended by the conduct in this case, we simply cannot conclude that it is punishable under MCL 750.335a. To do so would require us to endorse a tortured reading of the statute and its interpreting cases that would abdicate our responsibility to examine " 'the object of the statute, the harm which it is designed to remedy, and apply a reasonable construction which best accomplishes the statute's purpose.' "[21] For this reason, we conclude that the charge of indecent exposure should have been dismissed.

### 2. INDECENT EXPOSURE

Having concluded that Williams' conduct did not constitute open exposure under the statute, we are left with the question whether it nonetheless might have qualified as indecent exposure. We note that Williams did not make this argument to either the district court or the circuit court; however, because it presents a legal question for which the necessary facts are before us, we may nonetheless address it.[22]

As Justice BOYLE observed, the Legislature's use of the disjunctive "or" "suggests strongly that open exposure and indecent exposure are distinctly different kinds of behavior and that the Michigan Legislature understood each to define different conduct."[23] Under this reasoning, "exposure that was not 'open,' because it did not take place under circumstances that created a substantial risk that someone might be offended,

---

[21] *Lino, supra* at 618-619, quoting *In re Forfeiture of $5,264, supra* at 248.

[22] *People v Davis*, 250 Mich App 357, 364; 649 NW2d 94 (2002).

[23] *In re Certified Question, supra* at 63.

could still be proscribed under the statute as 'indecent' if it violated the minimum standards of *Miller v California* . . . ."[24]

Because the *Miller* standards include "lewd exhibition of the genitals,"[25] under Justice BOYLE's reasoning, it is conceivable that the factual scenario at issue could have constituted the discrete crime of "indecent exposure." However, this possibility is foreclosed by the *Vronko* Court's interpretation of the statute. As that panel noted, the phrase "indecent exposure," which the statute does not define, is defined in *Webster's New Collegiate Dictionary* (1977) as being "an 'intentional exposure of part of one's body (as the genitals) in a place where such exposure is likely to be an offense against the generally accepted standards of decency in a community.' "[26] Accordingly, the *Vronko* panel held that an exposure need not "actually be witnessed by another person in order to constitute 'open or indecent exposure,' as long as the exposure occurred in a public place under circumstances in which another person might reasonably have been expected to observe it."[27] As discussed, we conclude that Williams' conduct did not occur under such circumstances; the exposure was quite clearly not in a public place. Therefore, his conduct cannot be considered "indecent exposure" under MCL 750.335a.

---

[24] *Id.* at 64, citing *Miller v California*, 413 US 15; 93 S Ct 2607; 37 L Ed 2d 419 (1973).

[25] *Id.* at 63.

[26] *Vronko, supra* at 654.

[27] *Id.* at 657.

### III. WILLIAMS' MOTION TO DISMISS

#### A. STANDARD OF REVIEW

We review a trial court's ruling regarding a motion to dismiss for an abuse of discretion.[28]

#### B. ANALYSIS

Williams argues on appeal that, because the indecent-exposure statute did not apply to his conduct, the circuit court erred in failing to dismiss the charge against him. Judge Robert Bork once commented, disapprovingly, on the "heart's desire" school of jurisprudence.[29] Were we to be guided only by our hearts' desire, we might rule otherwise on this point. However, we choose—as we must—to be guided by the plain language of the law as our Courts have interpreted it. Because we simply cannot conclude that MCL 750.335a applies here, we hold that the circuit court abused its discretion in denying Williams' motion to dismiss.[30] In light of our conclusion, we need not reach Williams' contention that the statute is void for vagueness.

Reversed.

---

[28] *People v Herndon*, 246 Mich App 371, 389; 633 NW2d 376 (2001).

[29] See Robert H. Bork & Nathan Schleuter, Constitutional Persons: An Exchange on Abortion, available at <http://www.aei.org/news/newsID. 15107/news_detail.asp>, visited April 11, 2003.

[30] See *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).