# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

GERALD GORDON ROUSE,

      Defendant-Appellant.

UNPUBLISHED
May 2, 2017

No. 330379
Delta Circuit Court
LC No. 15-009060-FH

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals by right from his jury trial conviction of one count of aggravated indecent exposure, MCL 750.335a(2)(b). The trial court sentenced him, as a fourth habitual offender, MCL 769.12, to serve 34 months to 15 years' imprisonment.[1] We affirm.

According to the complaining witness, after a night of drinking whiskey with defendant and others at the home of defendant's girlfriend, she fell asleep on a couch in the living room. The complainant admitted that she had earlier taken a large dosage of a prescription drug she was using recreationally. According to the complainant, she first woke up in the early morning hours and noticed that the left leg of her leggings, her left sock, and the left part of her underwear had been removed. The clothing on the right side of her body remained in place. She further recounted that her vaginal area was wet and her tampon missing. After she used the bathroom, she returned to the couch and again fell asleep. According to the complainant, she woke up a second time to find defendant standing near her face, masturbating.

On appeal, defendant argues that there was insufficient evidence to support his conviction. We review sufficiency of evidence issues de novo, *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011), and consider "the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

---

[1] Defendant was found not guilty of third-degree criminal sexual conduct, MCL 750.520d(1)(c) (incapacitated victim).

-1-

"The sufficient evidence requirement is a part of every criminal defendant's due process rights." *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748, amended on other grounds 441 Mich 1201 (1992). In a criminal case, due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact in concluding that the defendant is guilty beyond reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). To satisfy due process, "a reviewing court 'must consider not whether there was any evidence to support the conviction but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt.' " *Wolfe*, 440 Mich at 513-514, quoting *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979).

MCL 750.335a(1) provides that "[a] person shall not knowingly make any open or indecent exposure of his or her person or the person of another." Subsection (2)(b) elaborates that subsection (1) is violated "[i]f the person was fondling his or her genitals . . . ." To prove an open exposure, the prosecution must prove beyond a reasonable doubt that there was a "display of any part of the human anatomy under circumstances that create a substantial risk that someone might be offended." *People v Neal*, 266 Mich App 654, 659; 702 NW2d 696, (2005), citing *In re Certified Question*, 420 Mich 51, 63; 359 NW2d 513 (1984) (Boyle, J., concurring).

In addition to the complaint's testimony recounted above, she also testified that defendant's girlfriend told her that when she questioned defendant about the incident, he admitted he had masturbated in the presence of the complainant. The complainant testified that she left the couch and ran into the bathroom, "shaking and freaking out," after seeing defendant exposed.

Further, other potential viewers were put at substantial risk of being made audience to an offensive display, including the complainant's ex-boyfriend, who testified that he returned to the home early that morning; defendant's girlfriend's son, who spent the night in the basement, and; defendant's girlfriend's minor daughter, who was sleeping upstairs. Other potential victims were in evidence, given the complainant's ex-boyfriend's testimony that "a couple of kids" from the party might have been sleeping upstairs. The evidence thus suggested a serious possibility, or substantial risk, that any of several occupants of the house might have walked in on defendant masturbating in the living room even during the early hours of the morning. See *People v Williams*, 256 Mich App 576, 583; 664 NW2d 811 (2003).

Defendant argues that because he did nothing to wake up the complainant or otherwise call attention to himself, he lacked the "indecent intention" to commit the offense.[2] This

---

[2] In support of his argument, defendant relies on this Court's statements in *Neal* that the indecent-exposure statute "envisages a combination of two things: a reasonably inferable indecent intention by the exposer as well as a reasonably-to-be expected reaction of shock and shame on the part of the probable exposee,' " and that indecent exposure usually involves " 'an aggressive and unmistakably erotic attempt to focus the attention of others solely on the sexual organs of the exposer." *Neal*, 266 Mich App at 658, quoting *People v Hildabridle*, 353 Mich 562, 589; 92 NW2d 6 (1958) (plurality opinion by Voelker, J.). These statements were not part of this Court's decision in *Neal*; rather, this Court was merely discussing the plurality opinion in

argument fails because the pertinent statute does not set forth an intent element. MCL 750.335a(2)(b). See *People v Vronko*, 228 Mich App 649, 655; 579 NW2d 138 (1998) ("All provisions of the Penal Code are construed according to the fair import of their terms."). Defendant also argues that he did not knowingly expose himself to the complainant, but rather was merely attempting to gratify himself while she remained asleep. However, this argument fails to consider that the complainant could awaken at any time, as indeed she did sometime earlier. And as discussed, he also put others at substantial risk of observing him. Therefore, the evidence was sufficient to establish that defendant's exposure was an open one. See *Neal*, 266 Mich App at 662-663.

When viewed in the light most favorable to the prosecution, the evidence was sufficient to support a finding that defendant openly exposed his erect penis to the complainant, with other potential viewers present in the house, under "under circumstances that create a substantial risk that someone might be offended." *Id*. at 659.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

*Hildabridle*, which was not binding precedent. See *Burns v Olde Discount Corp*, 212 Mich App 576, 582; 538 NW2d 686 (1995) (explaining that "a plurality decision in which no majority of the participating justices agree concerning the reasoning is not binding authority under the doctrine of stare decisis").