PEOPLE v MARIA WILSON

Docket No. 78-2903. Submitted November 15, 1979, at Detroit.—Decided February 20, 1980.

Defendant, Maria Wilson, was charged with indecent exposure, in the Recorder's Court of Detroit, for massaging her pubic region with her fingers and spreading her buttocks, exposing anus and vulva, all while dancing nude at a theatre. Defendant moved to quash the complaint, maintaining that the statute was an invalid infringement on her First Amendment rights, that the statute failed to adequately describe the conduct proscribed and that audience consent nullified the charge. The court, Justin C. Ravitz, J., granted the motion and dismissed the charge, holding that the term "obscenity" was vague, that the state had no legitimate interest in barring harmless exhibitions of the human body among consenting adults and that the law was being selectively enforced in violation of defendant's rights, since worse conduct was not prosecuted. The people appeal. *Held:*

1. The state has valid interests which it can seek to protect through the regulation of commercialized obscenity by prohibiting exhibitions of the human body among consenting adults. Audience consent does not bar a prosecution for indecent exposure.

2. The indecent exposure statute prohibits expressive conduct, not pure speech, and is not unconstitutionally overbroad.

Reversed.

M. F. CAVANAGH, J., dissented, noting that the "common sense of the community" approach to obscenity was insufficient and that the statute has been interpreted inconsistently with regard to what conduct is and what conduct is not a violation. He would hold the statute to be overbroad until some clarification of that issue is forthcoming from the Michigan Supreme Court. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 17, 18.
[2-4] 16A Am Jur 2d, Constitutional Law §§ 460-463.
Supreme Court's views as to overbreadth of legislation in connection with First Amendment rights. 45 L Ed 2d 725.

OPINION OF THE COURT

1. OBSCENITY — EXHIBITION OF THE BODY — CONSENTING AUDIENCE — POLICE POWER — INDECENT EXPOSURE.

   The state has valid interests which it can seek to protect through the regulation of commercialized obscenity by prohibiting exhibitions of the human body among consenting adults; audience consent does not bar a prosecution for indecent exposure.

2. CONSTITUTIONAL LAW — OVERBREADTH — STANDING.

   A person whose conduct can constitutionally be regulated by a statute does not have standing to challenge the facial constitutionality of that statute except where the statute's overbreadth infringes upon the protection of the First Amendment.

3. OBSCENITY — INDECENT EXPOSURE — OVERBREADTH — STATUTES.

   The indecent exposure statute prohibits expressive conduct, not pure speech, and is not unconstitutionally overbroad (MCL 750.335a; MSA 28.567[1]).

DISSENT BY M. F. CAVANAGH, J.

4. OBSCENITY — INDECENT EXPOSURE — OVERBREADTH — STATUTES.

   *The indecent exposure statute should be held to be unconstitutionally overbroad until a clarification is made as to what does and what does not constitute a violation (MCL 750.335a; MSA 28.567[1]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Gabriel Glantz,* for defendant.

Before: R. B. BURNS, P.J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

R. B. BURNS, P.J. The people appeal from the dismissal of this action upon defendant's motion to quash. Defendant was charged with indecent exposure, MCL 750.335a; MSA 28.567(1). It was alleged that while dancing nude on stage at the Frisco

Theatre in the City of Detroit, defendant massaged her pubic region with her fingers and spread her buttocks, exposing anus and vulva to the view of the patrons present. A warrant was issued on the complaint of a member of the Detroit Vice Section Northern District Strike Force, who was a nonconsenting member of the audience.

In her motion to quash, defendant maintained that the indecent exposure statute is an invalid infringement on her First Amendment rights, that the statute fails to adequately describe the conduct which is proscribed, that the statute fails to give fair notice and that audience consent nullifies the indecent exposure charge.

At the hearing held on the motion to quash, plaintiff stated that the charge was brought not for nude dancing but rather for the on-stage act of masturbation. In reply to defendant's motion, the people argued that the First Amendment does not protect nonsymbolic, nonverbal conduct which has no speech element and that defendant's conduct was clearly "hardcore" sexual conduct and hence not entitled to any First Amendment protection. Finally, the people contended that the statute does not require that the conduct occur in a public place or that none of the audience consent.

The lower court held that the term "obscenity" was vague and ambiguous. The court also held that the state does not have a legitimate interest in barring harmless exhibitions of the human body among consenting adults and that since worse conduct was not being prosecuted the law was being selectively enforced in violation of defendant's right to equal protection of the law.

MCL 750.335a; MSA 28.567(1), provides in part:

"Any person who shall knowingly make any open or

indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor * * *."

Defendant asserted, and the lower court agreed, that defendant could not be charged with a violation of MCL 750.335a; MSA 28.567(1), for acts which occurred in the presence of a consenting audience. The lower court held that the state has no legitimate interest in prohibiting exhibitions of the human body among consenting adults. We disagree.

A prosecution for indecent exposure is not beyond the scope of MCL 750.335a; MSA 28.567(1), simply because the charged conduct is performed before a theater audience which is comprised primarily or even totally of consenting adults. The state has valid interests which it can seek to protect by the regulation of commercialized obscenity.[1]

"Commercial exploitation of depictions, descriptions, or exhibitions of obscene conduct on commercial premises open to the adult public falls within a State's broad power to regulate commerce and protect the public environment." *Paris Adult Theatre I v Slaton,* 413 US 49, 68-69; 93 S Ct 2628; 37 L Ed 2d 446 (1973).

"In particular, we hold that there are legitimate state interests at stake in stemming the tide of commercialized obscenity, even assuming it is feasible to enforce effective safeguards against exposure to juveniles and to passersby. * * * These include the interest of the public in the quality of life and the total community environment, the tone of commerce in the great city centers, and, possibly, the public safety itself." Id., 57-58.

---

[1] The existence of these state interests was noted by the Michigan Supreme Court in *People v Neumayer,* 405 Mich 341; 275 NW2d 230 (1979), wherein the Court refused to exempt the dissemination of obscene materials to consenting adults from prosecution under the state's criminal obscenity statute.

We conclude, therefore, that the defendant's claim of audience consent does not operate to bar this prosecution.

Defendant's other challenges to MCL 750.335a; MSA 28.567(1), are related to whether the statute is unconstitutional on its face. Generally, a person whose conduct can constitutionally be regulated by a statute does not have standing to contest the facial constitutionality of that statute.

"Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick v Oklahoma,* 413 US 601, 610; 93 S Ct 2908; 37 L Ed 2d 830 (1973).

Under this traditional analysis the defendant is without standing to challenge the facial constitutionality of the indecent exposure statute. The alleged conduct of the defendant in this case is "hardcore" sexual conduct which can constitutionally be prohibited by the state. We therefore find that the lower court should not have heard defendant's claims of the statute's facial unconstitutionality unless an exception to the general standing rules is applicable.

An exception to the general rules of standing has been carved out by the United States Supreme Court to allow challenges to a statute whose overbreadth infringes upon the protections of the First Amendment. *Broadrick, supra.* The application of the overbreadth doctrine is employed "sparingly and only as a last resort". *Id.,* 613. Recently, this Court in *People v Blauvelt,* 91 Mich App 380; 283 NW2d 745 (1979), permitted a challenge under this

First Amendment exception and affirmed a finding that MCL 430.53; MSA 18.663, is unconstitutional on its face. MCL 430.53; MSA 18.663, made the display of an emblem of any organization on a motor vehicle unlawful unless the vehicle's owner was a member of that organization. The Court found that because pure speech was being prohibited and the statute could have a "chilling" effect on the speech of others, the defendant could challenge the statute even if his own conduct could have been regulated under a more narrowly drawn statute.

In the present case, the statute is not designed to prohibit speech. Expressive conduct, not pure speech, is regulated and the statute's application to conduct protected by the First Amendment is, at most, minimal. We believe that there are a substantial number of situations to which the statute can validly be applied and that there is no substantial overbreadth. *Broadrick, supra,* 615. Accordingly, we find that the lower court incorrectly granted defendant's motion to quash and we reverse.

D. E. HOLBROOK, JR., J., concurred.

M. F. CAVANAGH, J. *(dissenting).* While I recognize that the state has valid authority to "stem the tide of commercialized obscenity", *Paris Adult Theatre I v Slaton,* 413 US 49, 57-58; 93 S Ct 2628; 37 L Ed 2d 446 (1973), I must agree with the trial court that the indecent exposure statute is unconstitutional on its face. MCL 750.335a; MSA 28.567(1).

The majority may be correct in stating that the statute can properly be applied to a substantial number of situations, but it does not automatically follow that there is no substantial overbreadth.

*Broadrick v Oklahoma,* 413 US 601, 610-616; 93 S Ct 2908; 37 L Ed 2d 830 (1973). For example, the statute could arguably be applied to conduct between a husband and wife, although such conduct is constitutionally protected. *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965).

Our Supreme Court has defined the statutory offense in issue as follows, "[t]he well settled and generally known significance of the phrase 'indecent and obscene exposure of the person' is the exhibition of those private parts of the person which instinctive modesty, human decency or natural self-respect requires shall be customarily kept covered in the presence of others". *People v Kratz,* 230 Mich 334, 337; 203 NW2d 114 (1925). The *Kratz* opinion employs the "common sense of the community" approach as being sufficient to define the proscribed statutory conduct. But this type of approach was specifically rejected by Justice LEVIN with regard to the analogous offense of gross indecency, MCL 750.338; MSA 28.570, in *People v Howell,* 396 Mich 16, 22-24; 238 NW2d 148 (1976). Moreover, the Supreme Court has apparently taken contradictory stances regarding what is, and what is not, a violation of the statute, *e.g.,* compare *People v Ring,* 267 Mich 657; 255 NW 373 (1934), with *People v Hildabridle,* 353 Mich 562; 92 NW2d 6 (1958). Until a clarification similar to the one offered in *People v Howell, supra,* 22-24, is made by our Supreme Court, I must dissent. See also Anno: *Topless or bottomless dancing or similar conduct as offense,* 49 ALR3d 1084.