PEOPLE v VRONKO

Docket No. 197378. Submitted October 8, 1997, at Grand Rapids. Decided
    March 17, 1998, at 9:10 A.M. Leave to appeal sought.

Anthony W. Vronko was convicted in the Kent Circuit Court of inde-
    cent exposure and thereafter pleaded guilty of being a sexually
    delinquent person. The court, Dennis C. Kolenda, J., sentenced the
    defendant to imprisonment for one day to life. The defendant
    appealed.

The Court of Appeals *held*:

1. The indecent exposure statute, MCL 750.335a; MSA 28.567(1),
is not unconstitutionally vague as applied to the defendant. The
statute, which in part provides that "[a]ny person who shall know-
ingly make any open or indecent exposure of his or her person . . .
shall be guilty of a misdemeanor," provides fair notice of the con-
duct proscribed and does not confer on the trier of fact unstruc-
tured and unlimited discretion to determine whether an offense has
been committed. The meaning of the words "open," "exposure,"
and "indecent" can be fairly ascertained by reference to judicial
determinations, the common law, dictionaries, treatises, or their
generally accepted meaning. Indecent exposure is intentional expo-
sure of part of one's body in a place where such exposure is likely
to be an offense against the generally accepted standards of
decency in a community. The statute provided fair notice to the
defendant that his act of exposing his penis and masturbating while
seated in an automobile parked on a public street near two elemen-
tary schools to which children were then walking was proscribed
conduct.

2. There was sufficient evidence to convict the defendant of inde-
cent exposure. A witness testified that she saw that defendant's
legs were bare, that his hand was moving near his crotch, and that
it looked like he had something in his hand. A rational trier of fact
could infer that the defendant was masturbating and that his penis
was uncovered. A person's exposure need not actually be wit-
nessed by another person in order to constitute the crime of inde-
cent exposure; it is enough that, like in this case, the exposure
occurred in a public place under circumstances in which another
person might reasonably have been expected to observe it.

3. The defendant's indeterminate sentence of one day to life in prison was not an improper delegation of judicial authority to the executive branch. The Legislature has long been empowered under the state constitution to provide for indeterminate sentences, and the constitutionality of such empowerment has long been upheld by the courts. Although the sentence of one day to life in prison represents the widest range possible, the Parole Board has the same discretion over release as it does with any other indeterminate sentence.

4. By not moving to withdraw his plea pursuant to MCR 6.311(A) and by not moving for a remand pursuant to MCR 7.211(C)(1), the defendant failed to preserve for appellate review the claim that there was an insufficient factual basis for his plea of guilty of being a sexually delinquent person.

Affirmed.

1. CRIMINAL LAW — INDECENT EXPOSURE STATUTE — CONSTITUTIONAL LAW — VAGUENESS.

The indecent exposure statute is not unconstitutionally vague; it provides fair notice of the conduct proscribed and does not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed (MCL 750.335a; MSA 28.567[1]).

2. CRIMINAL LAW — INDECENT EXPOSURE — OBSERVANCE.

A person's exposure need not actually be witnessed by another person in order to constitute the crime of indecent exposure; it is enough that the exposure occur in a public place under circumstances in which another person might reasonably be expected to observe it (MCL 750.335a; MSA 28.567[1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *Vicki L. Seidl*, Assistant Prosecuting Attorney, for the people.

*Carolyn A. Blanchard*, for the defendant on appeal.

Before: WHITE, P.J., and CAVANAGH and REILLY, JJ.

PER CURIAM. Defendant appeals as of right from his bench trial conviction of indecent exposure, MCL

750.335a; MSA 28.567(1), and from his subsequent guilty plea of being a sexually delinquent person, MCL 750.10a; MSA 28.200(1). Pursuant to MCL 750.335a; MSA 28.567(1), the trial court sentenced defendant to an indeterminate term of one day to life in prison. We affirm.

At defendant's bench trial on the charge of indecent exposure, a witness testified that she noticed a "suspicious" automobile parked in a no-parking zone in front of her house at approximately 8:00 A.M. Defendant was sitting alone in the driver's side of the vehicle looking around. The passenger-side window of defendant's automobile was down and the doors were shut. There were two elementary schools in the neighborhood. Children walking to school passed on the sidewalk between the witness' house and the passenger side of defendant's automobile. From the front door of her house, above street level, the witness noticed that defendant was wearing a long-sleeved shirt and that his legs were bare. She could not tell whether defendant was wearing any shorts or underwear. The witness testified that defendant's "right hand was in his crotch and it was just going like gangbusters." She then explained that it looked like defendant had something in his hand, but she could not see what it was. Although she had "no doubt" that defendant was exposing himself to the passing school children and masturbating, the witness never saw defendant's penis and never saw the children react to defendant in any way.

On appeal, defendant first contends that his conviction must be reversed because the indecent exposure statute is unconstitutionally vague on its face and as applied to him. We disagree. This Court reviews de

novo a challenge to a statute's constitutionality under the void-for-vagueness doctrine. *People v Hubbard (After Remand)*, 217 Mich App 459, 484; 552 NW2d 493 (1996).

A statute challenged on constitutional grounds is presumed to be constitutional and will be construed as such unless its unconstitutionality is clearly apparent. *Hubbard, supra* at 483-484. A penal statute is unconstitutionally vague if (1) it does not provide fair notice of the conduct proscribed, (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed, or (3) its coverage is overly broad and impinges on First Amendment Freedoms. *People v Howell*, 396 Mich 16, 20; 238 NW2d 148 (1976); *Hubbard, supra* at 484. In this case, defendant has asserted no violation of the First Amendment. Accordingly, neither the doctrine of overbreadth, see *People v Cavaiani*, 172 Mich App 706, 711; 432 NW2d 409 (1988), nor the third prong of the above test apply. When a defendant's vagueness challenge does not implicate First Amendment freedoms, the constitutionality of the statute in question must be examined in light of the particular facts at hand without concern for the hypothetical rights of others. See *Howell, supra* at 21; *People v Lynch*, 410 Mich 343, 352; 301 NW2d 796 (1981); *People v Gunnett*, 158 Mich App 420, 426-427; 404 NW2d 627 (1987). The proper inquiry is not whether the statute may be susceptible to impermissible interpretations, but whether the statute is vague as applied to the conduct allegedly proscribed in this case. See *People v Harbour*, 76 Mich App 552, 558; 257 NW2d 165 (1977).

The indecent exposure statute provides, in pertinent part, that "[a]ny person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor." MCL 750.335a; MSA 28.567(1). Defendant argues that this language, including the euphemism "of his or her person," failed to give him fair notice of the proscribed conduct. When making a vagueness determination, a court must take into consideration any judicial constructions of the statute. *People v Lino*, 447 Mich 567, 575; 527 NW2d 434 (1994). A statute is not vague if the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises, or their generally accepted meaning. *Cavaiani, supra* at 714. The Michigan Supreme Court, addressing the predecessor to the current indecent exposure statute, explained:

> The well settled and generally known significance of the phrase "indecent and obscene exposure of the person" is the exhibition of those private parts of the person which instinctive modesty, human decency or natural self-respect requires shall be customarily kept covered in the presence of others. [*People v Kratz*, 230 Mich 334, 337; 203 NW 114 (1925); see also *People v Ring*, 267 Mich 657, 662; 256 NW 373 (1934).]

Accordingly, this Court has held that a defendant's on-stage act of masturbation in the presence of a consenting audience could constitutionally be prohibited under the indecent exposure statute. See *People v Wilson*, 95 Mich App 440, 441-444; 291 NW2d 73 (1980).

With respect to the common uses of the words contained in the statute, *Webster's New Collegiate Dic-*

*tionary* (1977) defines "open," in part, as being "exposed to general view or knowledge," "having no protective covering," and "to disclose or expose to view." Likewise, the word "exposure" is defined as meaning a "disclosure to view" especially of "a weakness or something shameful or criminal." *Id.* "Indecent" is defined as "grossly unseemly or offensive to manners or morals." *Id.* Finally, "indecent exposure" is defined as being an "intentional exposure of part of one's body (as the genitals) in a place where such exposure is likely to be an offense against the generally accepted standards of decency in a community." *Id.* Given these definitions and judicial constructions, the language of the indecent exposure statute (1) provided fair notice to defendant that the act of exposing one's penis and masturbating while seated in an automobile parked on a public street with its window open was conduct proscribed by the statute, and (2) did not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed in the context of the charged conduct. Therefore, we hold that the indecent exposure statute was not unconstitutionally vague as applied to defendant. *Hubbard, supra* at 484.

Defendant next contends that the evidence was insufficient to support a conviction of indecent exposure. When reviewing the sufficiency of the evidence in a criminal case, this Court must view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Defendant first argues that the evidence was insuffi-

cient to support the inference that his penis was ever uncovered. We disagree. From the witness' testimony that defendant's legs were bare, that his hand was moving in his crotch, and that it looked like he had something in his hand, a rational trier of fact could infer that defendant was masturbating and that his penis was uncovered. Defendant also argues that, even if his penis was uncovered, the evidence was insufficient to support his conviction because, according to the testimony of the witness, nobody actually saw defendant's uncovered penis. Again, we disagree.

The issue whether a person's exposure must actually be witnessed by another person in order to constitute the crime of indecent exposure is one of first impression in Michigan. Although the standard criminal jury instruction purports to include as an element of the crime a requirement that the defendant's exposure be witnessed by "another person," see CJI2d 20.33, the language of the statute does not explicitly require the existence of such a witness, see MCL 750.335a; MSA 28.567(1). Thus, if the offense does in fact include such an element, it must be contained within the words "open or indecent exposure." All provisions of the Penal Code are construed according to the fair import of their terms. MCL 750.2; MSA 28.192; *People v Armstrong*, 212 Mich App 121, 127; 536 NW2d 789 (1995). Where a statutory provision employs the general terms of the common law to describe an offense, courts will construe the statutory crime by resorting to the common-law definition. *People v Reeves*, 448 Mich 1, 8; 528 NW2d 160 (1995); *People v Schmitt*, 275 Mich 575, 577; 267 NW 741 (1936); see also *Morissette v United States*, 342 US 246, 263; 72 S Ct 240; 96 L Ed 288 (1952). At common

law, it was not required that an "indecent exposure" be observed in order to constitute a punishable misdemeanor. 3 Wharton's Criminal Law (15th ed), § 308, pp 196-200, citing *State v Martin*, 125 Iowa 715; 101 NW 637 (1904); *Van Houten v State*, 46 NJL 16 (1884); *State v Roper*, 18 NC 208 (1835). But see *State v Buffano*, 5 NJ Super 255, 257; 68 A2d 765 (1949). Instead, it was necessary merely that the exposure occur in a public place. 3 Wharton's Criminal Law (15th ed), § 308, p 200 (citing cases).

The common-law interpretation of indecent exposure is consistent with our interpretation of the statutes proscribing "gross indecency," MCL 750.338-750.338b; MSA 28.570-28.570(2). The gross indecency statutes seek to protect the public from the possibility of being exposed to certain acts of sexual conduct. Such conduct is grossly indecent "when an unsuspecting member of the public, who is in a place the public is generally invited or allowed to be, could have been exposed to or viewed the act." *People v Brown (After Remand)*, 222 Mich App 586, 591-592; 564 NW2d 919 (1997). Similarly, Michigan Supreme Court Justice BOYLE, concurring in *In re Certified Question*, 420 Mich 51, 63; 359 NW2d 513 (1984), defined "open exposure" under the indecent exposure statute as being "any conduct consisting of a display of any part of the human anatomy under circumstances which create a substantial risk that someone might be offended." According to Justice BOYLE, "[t]his standard would require evaluation of the setting in which the exposure took place in order to determine whether anyone might reasonably have been expected to observe it and, if so, whether the person might reasonably have been expected to have

been offended by what was seen." *Id.* Justice BOYLE's definition, although not binding on this Court, is consistent with the common-law interpretation of the offense, and nothing in the language of the statute suggests that the Legislature intended to modify the common-law interpretation. For these reasons, we hold that there is no requirement that the defendant's exposure actually be witnessed by another person in order to constitute "open or indecent exposure," as long as the exposure occurred in a public place under circumstances in which another person might reasonably have been expected to observe it. Applying this definition to the facts at hand, the evidence was sufficient to support defendant's conviction. *Wolfe, supra* at 515.

Next, defendant argues that the indeterminate nature of his sentence of one day to life in prison was an improper delegation of judicial authority to the executive branch in violation of the Separation of Powers Clause of the state constitution, Const 1963, art 3, § 2. Defendant's argument is without merit. "Since the 1902 amendment of the 1850 Michigan Constitution, the people of this state have provided the Legislature with the power to establish indeterminate sentences, and the constitutionality of indeterminate sentencing legislation has been upheld by our courts." *People v Legree,* 177 Mich App 134, 139; 441 NW2d 433 (1989); see also Const 1963, art 4, § 45 (establishing the power of the Legislature to provide for indeterminate sentences); *In re Manaca,* 146 Mich 697, 699-704; 110 NW 75 (1906) (upholding the constitutionality of indeterminate sentencing). In this case, although defendant's sentence of one day to life in prison contained the widest range possible, the

Parole Board was given no more power to determine defendant's actual day of release than it would be given with any other indeterminate sentence. Defendant also argues that his sentence violated the indeterminate sentencing act, specifically MCL 769.9(2); MSA 28.1081(2). This argument too is without merit. This Court has held that the imposition of an indeterminate sentence of one day to life in prison on a defendant found to be a sexually delinquent person at the time of an indecent exposure offense did not violate the indeterminate sentencing act. *People v Kelly*, 186 Mich App 524, 528-531; 465 NW2d 569 (1990). Therefore, defendant's sentence of one day to life in prison was valid.

Finally, defendant argues that the factual basis was insufficient to support his plea of guilty of being a sexually delinquent person. However, because defendant failed to move to withdraw his guilty plea pursuant to MCR 6.311(A) and failed to move for remand pursuant to MCR 7.211(C)(1), this issue has not been preserved for appeal. See MCR 6.311(C); *People v Kaczorowski*, 190 Mich App 165, 172; 475 NW2d 861 (1991). In any event, we note that even if we were to consider the merits of this claim, the factual basis was sufficient to support defendant's plea. See MCL 750.10a; MSA 28.200(1).

Affirmed.