# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 24, 2015

Plaintiff-Appellee,

v

No. 322893
Huron Circuit Court
LC No. 13-305773-FH

JEFFREY MICHAEL HATCH,

Defendant-Appellant.

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of four counts of delivery of less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), and one count of maintaining a drug house, MCL 333.7405(1)(d). The trial court sentenced defendant as a third habitual offender, MCL 769.11, to concurrent prison terms of 3-1/2 to 40 years for each delivery of heroin conviction, and 14 months to 4 years for maintaining a drug house. We affirm defendant's convictions, but remand for further inquiry concerning defendant's sentences.

The jury convicted defendant of delivering heroin to Rollie Smith on four occasions in May of 2013. The evidence indicated that Smith sold heroin to a police informant on four separate occasions and that the informant used marked bills to make the purchases. Smith testified that he acquired the heroin he sold to the informant from defendant before each transaction. After Smith's sales to the informant, the police conducted two searches of defendant's bedroom in the home he shared with his parents. Those searches led to the discovery of small packages of heroin, a large quantity of cash, some of which was marked money from the controlled buys with the informant, and a single package containing approximately 22 grams of heroin.

On appeal, defendant argues first that insufficient evidence was presented to support his convictions.[1] We disagree.

---

[1] In reviewing a challenge to the sufficiency of the evidence, we view the evidence de novo in a light most favorable to the prosecution to determine whether a rational trier of fact could conclude that the elements of the offense were proven beyond a reasonable doubt. *People v*

The elements of delivery of less than 50 grams of heroin are: (1) the defendant delivered the substance; (2) the substance weighed less than 50 grams; (3) the substance was heroin or contained heroin; and (4) the defendant knew he was delivering heroin. MCL 333.7401(2)(a)(*iv*); *People v Collins*, 298 Mich App 458, 462; 828 NW2d 392 (2012) (setting out elements of delivery of 50 grams or more but less than 450 grams of a controlled substance). "Delivery" constitutes "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." MCL 333.7105(1).

The elements of maintaining a drug house are: (1) the defendant kept or maintained a building or dwelling; (2) the building or dwelling was kept or maintained for using or selling drugs; (3) the defendant knew the building or dwelling was used for this purpose; and (4) the defendant had some general control over the building or dwelling. *People v Bartlett*, 231 Mich App 139, 153-154; 585 NW2d 341 (1998).

The principal evidence supporting the convictions was testimony given by the informant and Smith, as well as evidence from the search warrant. Smith testified that he obtained the heroin he sold the informant from defendant. Some of the buy money used in those transactions was discovered in defendant's bedroom. Further, telephone records showed that Smith and defendant communicated shortly before or after the transactions between Smith and the informant. Viewed in the light most favorable to the prosecution, that evidence was sufficient to support defendant's convictions of delivery of less than 50 grams of heroin. See *People v Vaughn*, 186 Mich App 376, 379-380; 465 NW2d 365 (1990). Although defendant asserts that the testimony of these witnesses was not credible, that is not a basis for challenging the sufficiency of the evidence because the credibility of the witnesses was for the trier of fact to resolve. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). The jury was entitled to believe the testimony given by the informant and Smith, notwithstanding any inconsistencies therein. *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002).

Further, Smith's testimony that he purchased heroin from defendant in defendant's bedroom, and the evidence that the police discovered buy money and user paraphernalia in defendant's bedroom, supported defendant's conviction of maintaining a drug house. The evidence showed that defendant lived with his parents and used a bedroom in the residence. Defendant was not required to have control over the entire residence to be found guilty of maintaining the residence as a drug house. See *Bartlett*, 231 Mich App at 152 (holding that a defendant's general control, not supervisory control, over at least a portion of a dwelling and knowledge that drugs are kept in or sold from the dwelling is sufficient to support a conviction of maintaining a drug house).

---

*Bulls*, 262 Mich App 618, 623; 687 NW2d 159 (2004). We do not interfere with the jury's role of determining the weight of the evidence or the credibility of witnesses. *Id*. at 623-624. A trier of fact may make reasonable inferences from direct or circumstantial evidence in the record. *People v Vaughn*, 186 Mich App 376, 379-380; 465 NW2d 365 (1990).

Next, defendant argues that evidence seized pursuant to the execution of two search warrants was inadmissible because the affidavits offered in support of the warrants failed to establish probable cause.[2] We disagree.

We note that defendant was charged in a separate case with possession with intent to deliver the heroin found in his bedroom during the execution of the subject search warrants. In that case, defendant challenged the validity of the search warrants on the same grounds he raises here and the trial court found that they were valid and supported by probable cause. This Court affirmed that decision in *People v Hatch*, unpublished opinion per curiam of the Court of Appeals, issued July 14, 2015 (Docket No. 321038), slip op at 3-4. We agree with the analysis set forth in that opinion and for the same reasons, we reject defendant's arguments here.

We also reject defendant's argument that the evidence of his other drug activities was inadmissible under MRE 404(b)(1).[3] That rule prohibits evidence "of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith," but allows such evidence "for other purposes . . . ." To be admissible under MRE 404(b)(1) the other acts evidence must be offered for a proper purpose, must be relevant, and its probative value must not be substantially outweighed by its potential for unfair prejudice. *People v Starr*, 457 Mich 490, 496; 577 NW2d 673 (1998). A proper purpose is one other than establishing the defendant's character to show his propensity to commit the offense. *Id.* at 496-497.

Defendant challenges the admission of evidence that the informant purchased heroin from him in the past and accompanied him on trips to Detroit to buy heroin, that Smith purchased heroin from him and accompanied him on trips to buy heroin, that he was convicted in 2009 after which drugs were found in a car he was riding in, that money from the controlled transactions between Smith and the informant was found in his bedroom, and that 22 grams of heroin were found in his bedroom. In defendant's related case, this Court addressed a similar challenge to the admission of other evidence of defendant's drug activity and stated:

> In this case, the prosecution sought to introduce the evidence "to prove knowledge, intent, plan, system of doing an act, or lack of mistake or accident." Knowing possession with intent to deliver is an element of the crime of possession with intent to deliver. *People v Wolfe*, 440 Mich 508, 516-517, 519; 489 NW2d 748 (1992), amended on other grounds 441 Mich 1201 (1992). By pleading not guilty, defendant placed all elements of the offense "at issue," including the question of his intent to distribute and his knowledge of the substance. See *People v Crawford*, 458 Mich 376, 389; 582 NW2d 785 (1998). Further, testimony regarding prior drug sales and prior possession of packaged

---

[2] Probable cause to justify a search must exist before a search warrant may be issued. *People v Martin*, 271 Mich App 280, 298; 721 NW2d 815 (2006). "Probable cause must be supported by oath or affirmation." *Id.*

[3] We review the trial court's decision to admit evidence under MRE 404(b)(1) for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

heroin was logically relevant to show intent to distribute as well as an absence of mistake. MRE 404(b)(1). See *People v McGhee*, 268 Mich App 600, 610-612; 709 NW2d 595 (2005). Given the pattern of repeated drug sales, this evidence also tended to establish that the charged acts were part of characteristic "scheme, plan, or system in doing an act." [*Hatch*, unpub op at 2.]

This reasoning applies equally to the instant case. In this case, defendant (1) admitted having sold heroin to Smith in the past, but claimed he did so only to support his own drug habit, and (2) denied selling any heroin to Smith during the relevant time period. The evidence of defendant's other drug activities was logically relevant to show that the charged sales to Smith were committed as part of characteristic "scheme, plan, or system in doing an act." MRE 404(b)(1). Therefore, the evidence was admissible for a proper purpose under MRE 404(b)(1). Moreover, the trial court instructed the jury on the limited, permissible use of the evidence, stating:

> You have heard evidence that was introduced to show that defendant committed crimes for which he is not on trial. If you believe this evidence, you must be very careful only to consider it for certain purposes. You may only think about whether this evidence tends to show that the defendant specifically meant to deliver heroin, that the defendant knew that the substance found in his possession was heroin, that the defendant acted purposefully, that is not by accident or mistake or because he misjudged the situation.

> That the defendant used a plan, system or characteristic scheme, that he has used before or since. You must not consider this evidence for any other purpose.

> For example, you must not decide that it showed that the defendant is a bad person or that he is likely to commit crimes. You must not convict the defendant here because you think he is guilty of other bad conduct.

Accordingly, the trial court did not abuse its discretion by admitting the challenged evidence under MRE 404(b).

Finally, defendant argues that his sentences are invalid because of impermissible judicial fact-finding in scoring the sentencing guidelines in violation of his Sixth Amendment right to a jury trial.[4] We agree.

In *Apprendi v New Jersey*, 530 US 466, 476, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), the United States Supreme Court held that the Sixth and Fourteenth Amendments to the United States Constitution prohibited the increase of a maximum sentence based on judicial fact finding. The *Apprendi* Court held that "[o]ther than the fact of a prior conviction, any fact that

---

[4] Defendant preserved this issue by raising it in a post-sentencing motion to correct an invalid sentence. We review de novo a question of constitutional law. *People v Rapp*, 492 Mich 67, 72; 821 NW2d 452 (2012).

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), the Supreme Court extended the *Apprendi* rule to mandatory minimum sentences. The *Alleyne* Court held that facts that increase a mandatory minimum sentence must be found by a jury. *Id.* 133 S Ct at 2155, 2163.

In *People v Lockridge*, 498 Mich 358, ___; ___ NW2d ___ (2015); slip op at 11, our Supreme Court extended *Alleyne* to Michigan's sentencing scheme. The *Lockridge* Court held that the sentencing guidelines violate the Sixth Amendment because they allowed a trial court to use facts found by a preponderance of the evidence to score the OVs and to increase the bottom, i.e., the floor, of the sentencing guidelines range. *Id.* The *Lockridge* Court severed the mandate in MCL 769.34(2) that a trial court impose a sentence within the guidelines if that range resulted from facts beyond those found by a jury beyond a reasonable doubt or admitted by the defendant. *Id.* at ___; slip op at 29. The *Lockridge* Court also struck down the requirement in MCL 769.34(3) that a trial court articulate substantial and compelling reasons if it departed from the guidelines. *Id.* at ___; slip op at 2. Although trial courts must still determine the applicable guidelines range and take that range into account when imposing sentence, a range calculated in violation of *Alleyne* is advisory only. *Id.* The *Lockridge* Court concluded:

> To make a threshold showing of plain error that could require resentencing, a defendant must demonstrate that his or her OV level was calculated using facts beyond those found by the jury or admitted by the defendant and that a corresponding reduction in the defendant's OV score to account for the error would change the applicable guidelines minimum sentence range. If a defendant makes that threshold showing and was not sentenced to an upward departure sentence, he or she is entitled to a remand for the trial court for that court to determine whether plain error occurred, i.e., whether the court would have imposed the same sentence absent the unconstitutional constraint on its discretion. If the trial court determines that it would not have imposed the same sentence but for the constraint, it must resentence the defendant. [*Id.* at ___; slip op at 36-37.]

This procedure was modeled on the procedure adopted in *United States v Crosby*, 397 F3d 103 (CA 2, 2005). See *Lockridge*, 498 Mich at ___; slip op at 33. Although the *Lockridge* Court adopted this procedure in the context of addressing an unpreserved claim of error, this Court recently held in *People v Stokes*, ___ Mich App ___; ___ NW2d ___ (2015); slip op at 11, that the *Crosby* remand procedure applies "to both preserved and unpreserved errors." This Court explained that the *Crosby* remand procedure is necessary to determine whether any preserved error was harmless. *Id.*

Here, defendant challenges the scoring of 10 points for OV 14 (leader in a multiple offender situation), MCL 777.44(1)(a), five points for OV 15 (delivery of a controlled substance under circumstances as to indicate trafficking), MCL 777.45(1)(h), and 10 points for OV 19 (interference or attempted interference with the administration of justice), MCL 777.49(c). The jury did not find, nor did defendant admit, that defendant was a leader, that defendant's delivery of heroin to Smith was intended for further distribution so as to constitute trafficking, see MCL 777.45(2)(c), or that defendant's statements to the police were intended to deceive the police and

thereby interfere with the administration of justice.[5]  Thus, the trial court's scoring of these variables to calculate defendant's guidelines range was dependent upon judicial fact-finding. Further, the trial court's scoring of these variables affect defendant's placement in the cell of the sentencing grid under which he was sentenced.  If those variables had not been scored, defendant's OV score would be reduced to 0 points, placing him in OV Level I (0 to 9 points) instead of OV Level III (25 to 34 points), and defendant's guidelines range, as enhanced for defendant's habitual third status, would be 5 to 34 months instead of 19 to 57 months.  MCL 777.65; MCL 777.21(3)(b).

In conclusion, we affirm defendant's convictions; however, because defendant's guidelines range was unconstitutionally constrained by a violation of the Sixth Amendment, we remand this case for further inquiry of defendant's sentences in accordance with the procedure outlined in *Lockridge*, 498 Mich at ___; slip op at 33-36; see also *Stokes*, ___ Mich App at ___; slip op at 11-12.  We do not retain jurisdiction.


/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher

---

[5] We reject defendant's additional argument that OV 19 is unconstitutionally void for vagueness, or that it cannot be applied here under the rule of lenity.  We adopt this Court's analysis of this same argument in defendant's previous case, in which the panel stated:

"A statute challenged on constitutional grounds is presumed to be constitutional and will be construed as such unless its unconstitutionality is clearly apparent." *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998).  Further, when making a vagueness determination, judicial constructions of the statute must be considered and a statute "is not vague if the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises, or their generally accepted meaning." *Id.* at 653.  With respect to OV 19, the Michigan Supreme Court has noted that the statute "is plain and unambiguous." *People v Barbee*, 470 Mich 283, 286; 681 NW2d 348 (2004). And, attempting to deceive police during an investigation has been specifically held to constitute interference with the administration of justice.  See *Hershey (On Remand)*, 303 Mich App [330,] 344[; 844 NW2d 127 (2013)].  Consequently, OV 19 is not void for vagueness, particularly as applied to defendant's conduct.  See *Vronko*, 228 Mich App at 652-654. [*Hatch*, unpub op at 9-10.]