# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 25, 2017

Plaintiff-Appellee,

v

No. 329249
Ionia Circuit Court
LC No. 13-015829-FH

ANTHONY DAVID ARRINGTON,

Defendant-Appellant.

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of three counts of aggravated indecent exposure, MCL 750.335a(2)(b), by a sexually delinquent person, MCL 750.335a(2)(c). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to one day to life imprisonment. We affirm.

Defendant's convictions arise from a series of incidents wherein defendant, a prisoner at Ionia Correctional Facility, exposed and fondled his genitals in front of various prison staff. At trial, six witnesses testified to 15 incidents wherein defendant masturbated and/or exposed his genitals in their presence.

Defendant contends that the trial court erred in allowing testimony regarding 12 similar incidents that occurred prior to and subsequent to the charged offenses because they constituted improper propensity evidence and were unfairly prejudicial. We disagree.

"The decision whether evidence is admissible is within the trial court's discretion and should only be reversed where there is a clear abuse of discretion." *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). An abuse of discretion exists if a trial court's decision falls outside the range of principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). "However, where decisions regarding the admissibility of evidence involve preliminary questions of law such as whether a rule of evidence or statute precludes admissibility, our review is de novo." *People v Layher*, 464 Mich 756, 761; 631 NW2d 281 (2001). An evidentiary error only merits reversal where, after an examination of the entire record, "it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999); see also MCL 769.26.

At trial, defendant only argued that the other-acts evidence was unfairly prejudicial. Therefore, defendant may only obtain relief as to his unpreserved argument that the other-acts evidence was improper propensity evidence if "(1) error . . . occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); see also MRE 103(d). Reversal based on plain error is only warranted where "the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence." *Carines*, 460 Mich at 763-764 (quotation marks and citation removed).

Generally, relevant evidence is admissible. MRE 402; *People v Roper*, 286 Mich App 77, 91; 777 NW2d 483 (2009). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403. The assessment of evidence's probative effect against its prejudicial effect requires a balancing of several factors, including the necessary time to present the evidence, whether the evidence is needlessly cumulative, how directly probative the evidence is, how necessary the fact to be proven by the evidence is, whether the evidence would mislead the jury, and whether there is an alternate and less potentially harmful way to prove the fact. *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). The determination of whether the probative value of the evidence is substantially outweighed by its prejudicial effect is best left to the trial court's contemporaneous assessment of the evidence. *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009).

Despite its relevancy, evidence of a person's character is generally not admissible to prove the propensity of a defendant to act accordingly. MRE 404(a). Evidence of a person's character is admissible, however, "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense." MRE 405(b). When character evidence is not an essential element of a charge, claim, or defense, it is generally excluded in order "to avoid the danger of conviction based upon a defendant's history of other misconduct." *People v Golochowicz*, 413 Mich 298, 308; 319 NW2d 518 (1982).

Despite this danger, MRE 404(b) provides that evidence of other crimes, wrongs, or acts may be admissible for other purposes:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case. [MRE 404(b)(1).]

For evidence of other acts to be admissible under MRE 404(b), it must be (1) offered for a proper purpose; (2) be relevant under MRE 402; and (3) not have a probative value substantially

outweighed by its potential for unfair prejudice. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993).

Evidence of misconduct similar to the charged crimes is relevant to demonstrate that the charged crimes occurred so long as the misconduct and charged crimes "are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). "There must be *such a concurrence of common features* that the charged acts and the other acts are logically seen as part of a general plan, scheme, or design." *People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009). "The evidence of uncharged acts needs only to support the inference that the defendant employed the common plan in committing the charged offense." *People v Hine (After Remand)*, 467 Mich 242, 253; 650 NW2d 659 (2002). Although general similarity alone is not sufficient to establish a common plan, scheme, or system, "the plan need not be unusual or distinctive." *Sabin (After Remand)*, 463 Mich at 64, 66 (quotation marks and citation omitted).

Defendant was charged with three counts of aggravated indecent exposure by a sexually delinquent person. Aggravated indecent exposure occurs where "[a] person . . . knowingly make[s] any open or indecent exposure of his or her person or of the person of another," while "fondling his or her genitals, pubic area, buttocks, or, if the person is female, breasts." MCL 750.335a(2)(b). An open exposure occurs when the actor exposes his genitals in a place "anyone might reasonably have been expected to observe it and . . . the person might reasonably have been expected to have been offended by what was seen." *People v Neal*, 266 Mich App 654, 659-661; 702 NW2d 696 (2005) (quotation marks and citation removed). An indecent exposure occurs when the actor intentionally exposes his genitals "in a place where such exposure is likely to be an offense against generally accepted standards of decency in a community." *Id.* at 662 (quotation marks and citation removed).

The indecent exposure statute further provides that "[i]f the person was at the time of the violation a sexually delinquent person, the violation is punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life." MCL 750.335a(2)(c). MCL 750.10a defines "sexually delinquent person" as

> any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16.

Additionally, MCL 767.61a provides, in pertinent part:

> In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. . . .

Defendant was charged as a sexually delinquent person. This charge placed defendant's character at issue. MCL 750.10a; MRE 405(b). Because "a trait of character" of defendant was "an essential element of a charge," the prosecutor was permitted to prove that defendant was a sexually delinquent person through "specific instances of that person's conduct." See MRE 405(b). The specific incidents admitted under MRE 405(b) occurred subsequent to the charged crimes and were relevant to demonstrate that defendant repeatedly exposed himself in disregard for the consequences of his actions or the recognized rights of others. See MCL 750.10a.

The prosecutor also introduced evidence of six other acts prior to the charged crimes under MRE 404(b). This other-acts evidence bears sufficient similarity to suggest a common plan, scheme, or system, and supports the inference that defendant used a plan in committing the charged offense. See *Hine (After Remand)*, 467 Mich at 253. In both the charged acts and the other incidents, defendant exposed his genitals and masturbated in front of female prison staff. He used items from his prison cell to prop his body into the window so that staff could see his genitals or placed his genitals directly through the slot in the prison cell door. Defendant made eye contact with the staff as he did so, and did not attempt to cover himself or turn away. Given the "concurrence of common features" between the other acts and the charged crime, a logical inference exists that the charged acts in this case were part of a common plan or system of indecent exposure against prison staff. *Steele*, 283 Mich App at 479. Therefore, we conclude that the other-acts evidence was relevant and admitted for a proper purpose under MRE 404(b). *VanderVliet*, 444 Mich at 55.

In addition to being offered for a proper purpose and being relevant under MRE 402, the other-acts testimony, whether admitted under MRE 404(b) or MRE 405(b), must also satisfy the balancing test of MRE 403. See *id.* While all relevant evidence is prejudicial to some extent, only unfairly prejudicial evidence will be excluded. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995). At trial, defendant argued that he was participating in a private sexual act and that prison staff happened to arrive during this act. The other-acts evidence describing defendant's masturbation in front of other female prison staff—including defendant's lewd comments to the staff, rearrangement of the furniture so that he could be viewed from outside his cell, and placement of his genitals through the prison cell's food slot—is probative of defendant's knowing and indecent exposure of his genitals. See MCL 750.335a. The other-acts evidence negates defendant's description of the incidents as prison staff's inadvertent observation of a private sexual act. It is also highly probative of the conclusion that defendant repeatedly performed these acts in "disregard of consequences or the recognized rights of others," and was, therefore, a sexual delinquent. See MCL 750.10a. Although the prosecutor introduced two more incidents than initially ruled appropriate by the trial court, we decline to find that the other-acts evidence demonstrated here, given its high probative value, was unfairly prejudicial. In addition to being highly probative, the other-acts evidence consisted of brief testimony, see *Blackston*, 481 Mich at 462, and any danger of unfair prejudice was minimized by the trial court's limiting instruction. See *VanderVliet*, 44 Mich at 74-75. Therefore, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. MRE 403. As such, the other-acts evidence was properly admitted under MRE 404(b) and MRE 405(b).

Defendant also challenges the constitutionality of the indecent exposure statute, MCL 750.335a, asserting that the statute is unconstitutionally vague and overbroad. However, defendant fails to acknowledge that a void-for-vagueness challenge to MCL 750.335a was

rejected in *People v Vronko*, 228 Mich App 649, 652-654; 579 NW2d 138 (1998). Moreover, to the extent that defendant attempts to argue that MCL 750.335a is overbroad because it infringes on constitutionally protected activity, MCL 750.335a is construed in conformity with the standards of obscenity set forth in *Miller v California*, 413 US 15, 25; 93 S Ct 2607; 37 L Ed 2d 419 (1973). *Neal*, 266 Mich App at 659 n 3, quoting *In re Certified Question (Jewell Theatre Corp v Oakland Co Prosecutor)*, 420 Mich 51, 63; 359 NW2d 513 (1984). Because MCL 750.335a only proscribes obscene sexual conduct that is not constitutionally protected, and defendant engaged in activities falling under the statute, MCL 750.335a is not overbroad and does not infringe on defendant's constitutional rights. *Id.* at 664. Accordingly, these issues do not entitle defendant to any form of relief.

We affirm.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens