# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEROME ROMEY SUEING,

Defendant-Appellant.

UNPUBLISHED
November 14, 2019

No.  329961
Kent Circuit Court
LC Nos. 15-000819-FH;
            15-000820-FH

ON REMAND

Before:  STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

This matter returns to this Court on remand from our Supreme Court to consider the impact of *People v Arnold (On Remand)*, ___ Mich App ___; ___ NW2d ___ (Docket No. 325407) (*Arnold IV*), on defendant's sentences for indecent exposure by a sexually delinquent person, and to consider defendant's challenge to the scoring of offense variable (OV) 13, MCL 777.43 (continuing pattern of criminal behavior).[1]  We vacate defendant's sentences for indecent exposure by a sexually delinquent person, and remand for resentencing.

Defendant was charged in two separate actions that were consolidated before the trial court.  In lower court no. 15-000819-FH, defendant was charged with aggravated indecent exposure, MCL 750.335a(2)(b), and indecent exposure by a sexually delinquent person,[2] MCL

---

[1] In lieu of granting defendant leave to appeal, our Supreme Court vacated "that part of the judgment of the Court of Appeals that vacated the defendant's sentences for indecent exposure by a sexually delinquent person," and remanded to this Court for further consideration.  In all other respects, the Supreme Court denied leave to appeal.  *People v Sueing*, 503 Mich 956 (2019).

[2] The term "sexually delinquent person" is defined as "any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations

-1-

750.335a(2)(c), after defendant exposed his penis and began masturbating while sitting at a table near a woman at the Grand Rapids Downtown Market on January 9, 2015. In lower court no. 15-000820-FH, defendant was charged with aggravated indecent exposure and indecent exposure by a sexually delinquent person after he exposed his penis and masturbated while sitting next to a woman in the lobby of an art school in Grand Rapids on January 12, 2015. In each of the consolidated cases, defendant was convicted by a jury of aggravated indecent exposure and indecent exposure by a sexually delinquent person, MCL 750.335a(2)(b) and (c).[3]

The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent sentences of 24 months to 15 years' imprisonment for the aggravated indecent exposure convictions and 20 to 40 years' imprisonment for the indecent exposure by a sexually delinquent person convictions. In sentencing defendant, the trial court assigned 25 points to OV 13 because of a third incident that had occurred in January 2014, when defendant sat next to two 17-year-old girls at a coffee shop and, according to one of the girls, put his hand inside his pants and began rubbing himself near his penis and appeared to be masturbating, but did not expose his penis.

Defendant appealed as of right to this Court. Among other issues, defendant contended that the trial court erred in relying upon the uncharged 2014 incident in scoring OV 13. This Court vacated defendant's convictions and sentences for aggravated indecent exposure, affirmed his convictions for indecent exposure by a sexually delinquent person, vacated his sentences associated with those two convictions, and remanded to the trial court for sentencing to one day to life in prison, consistent with MCL 750.335a(2)(c), and in accordance with this Court's then-valid decision in *People v Campbell*, 316 Mich App 279; 894 NW2d 72 (2016), overruled by *People v Arnold*, 502 Mich 438, 444 (2018). This Court did not address defendant's contention that the trial court erred by scoring 25 points for OV 13, having determined that the trial court was required to sentence defendant to the mandatory indeterminate term imposed by MCL 750.335a(2)(c).

Defendant sought leave to appeal to our Supreme Court. While defendant's application was pending, the Supreme Court issued its decision in *People v Arnold*, 502 Mich 438, 444; 918 NW2d 164 (2018) (*Arnold III*), remanding that case to this Court and holding that the one-day-to-life sentence stated in MCL 750.335a(2)(c) is not mandatory, but rather is one optional sentence a trial court can impose under that statute "alongside and not to the exclusion of other available options." *Id*. at 469. In this case, in lieu of granting defendant leave to appeal, our Supreme Court vacated "that part of the judgment of the Court of Appeals that vacated the defendant's sentences for indecent exposure by a sexually delinquent person," *Sueing*, 502 Mich at 956, and remanded this case to this Court, directing us to hold this case in abeyance pending the decision of this Court in *Arnold IV*, and thereafter to reconsider this case in light of *Arnold IV*. The Supreme Court also directed us to consider defendant's challenge to the assessment of

of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16." MCL 750.10a.

[3] Indecent exposure by a sexually delinquent person is a Class A felony under MCL 777.16q, with a statutory maximum sentence of life imprisonment. *Arnold IV*, ___ Mich App at ___; slip op at 2.

points under OV 13. This Court has since issued its opinion in *Arnold IV*, and we now reconsider defendant's sentence in accordance with the Supreme Court's remand order.

In *Arnold IV*, this Court concluded that "the sentencing guidelines provide another option or alternative, in addition to the sexual delinquency scheme, when sentencing an individual convicted of indecent exposure." *Arnold IV*, ___ Mich App at ___; slip op at 1. Thus, a trial court sentencing a defendant convicted of indecent exposure by a sexually delinquent person may sentence that defendant to either " '1 day to life' under MCL 750.335a(2)(c), or to a term consistent with the advisory sentencing guidelines." *Id.* at ___; slip op at 11. We therefore conclude that under the rule announced in *Arnold IV*, the trial court in this case did not err by using the sentencing guidelines to calculate defendant's sentence.

However, resentencing by the trial court in this case nonetheless is required because the trial court erred in scoring OV 13. Under MCL 777.43(1)(c), 25 points are assigned to OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person[.]" To determine the appropriate points under OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). We review the trial court's factual determinations under the sentencing guidelines for clear error, and the trial court's determinations must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Here, the three offenses considered by the trial court included the uncharged 2014 incident. There is, however, no evidence that defendant exposed himself during the 2014 incident. A person is guilty of indecent exposure if the person "knowingly make[s] any open or indecent exposure of his or her person or the person of another." MCL 750.335a(1). This Court has observed that the word "exposure" has been defined as "disclosure to view," and "indecent exposure" has been defined as "an intentional exposure of part of one's body (as the genitals) in a place where such exposure is likely to be an offense against the generally accepted standards of decency in a community." *People v Vronko*, 228 Mich App 649, 654; 579 NW2d 138 (1998) (quotation marks and citations omitted). Although there is no requirement that the exposure be witnessed to constitute "indecent exposure," the conduct must have occurred. Here, the 2014 incident cannot be counted as a prior act of indecent exposure for purposes of scoring OV 13 because there is no evidence that exposure occurred. See *id.* at 656-657. Because removing these points changes defendant's minimum sentence range from 126 to 420 months to 108 to 360 months,[4] resentencing is required. *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016).

---

[4] Defendant was convicted as a fourth-offense habitual offender. See MCL 777.62. and MCL 777.21(3)(c).

Vacated and remanded for resentencing in accordance with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola